**Nakia PETTUS, Plaintiff–Appellant,**

v.

**U.S. BUREAU OF PRISONS and D. Smith, Warden, Defendants–Appellees.**

No. 10–17676.

United States Court of Appeals, Ninth Circuit.

---

Submitted May 15, 2012.*

Filed May 24, 2012.

Nakia Pettus, Lewisburg, PA, pro se.

Bureau of Prisons Regional Counsel, Stockton, CA, Jesse Gonzalez, USPA–U.S. Penitentiary, Atwater, CA, David Taylor Shelledy, Assistant U.S., USSAC–Office of the U.S. Attorney, Sacramento, CA, for Defendants–Appellees.

Before CANBY, GRABER, and M. SMITH, Circuit Judges.

MEMORANDUM **

Federal prisoner Nakia Pettus appeals pro se from the district court's dismissal and summary judgment in his action under *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A(a), *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and the grant of summary judgment, *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir.2004). We affirm.

The district court properly dismissed Pettus's access-to-courts claim against all defendants because Pettus failed to allege an actual injury. *See Lewis v. Casey,* 518 U.S. 343, 348–49, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (requiring actual prejudice to contemplated or existing litigation, such as inability to meet a filing deadline or to present a claim).

The district court properly granted summary judgment on Pettus's deliberate indifference claims against defendant Smith because Pettus failed to raise a genuine dispute of material fact that defendant participated in, directed, or failed to prevent a serious risk of harm to Pettus's personal safety or mental health. *See Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("officials may not be held liable for the unconstitutional conduct of their subordinate under a theory of *respondeat* superior"); *cf. Hydrick v. Hunter,* 466 F.3d 676, 689 (9th Cir.2006) (supervisor is liable under 42 U.S.C. § 1983 for the constitutional violations of subordinates if the supervisor participated in, directed, or failed to prevent them).

Pettus's remaining contentions are unpersuasive.

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.